COBB, J.
The appellant, Krystal Dukes, pled no contest to a charge of trafficking in cocaine *781 after denial of a dispositive suppression motion. She now appeals that conviction, and we reverse.
Dukes’ vehicle was stopped, according to the arresting officer (Davis), because of a defective brake light and for a child restraint violation. A second officer (Swatts) was also on the scene. After Davis gave Dukes the traffic citations, Swatts asked Dukes for permission to search the car, and Dukes refused. Swatts then told her he was going to proceed with a K-9 search of the exterior of the vehicle. Dukes was instructed to remove her six-year old son from the vehicle and both were told by Swatts to stay away from the vehicle during the K-9 search. The dog alerted to the vehicle and a subsequent search of its interior by the officers yielded 230 grams of crack cocaine found in Dukes’ purse in the back seat.
The search in this case was improperly initiated after the traffic citations were issued and during a time when there was no reasonable suspicion by the officers, based on articulable facts, that criminal activity was afoot. See State v. Sanders, 712 So.2d 851 (Fla. 5th DCA 1998) and McNeil v. State, 656 So.2d 1320 (Fla. 5th DCA 1995). Dukes and her son were illegally detained for completion of the K-9 search. We reject the alternative argument of the state that Dukes exhibited suspicious behavior because she appeared nervous, was from Georgia, and only bought $3.00 worth of gas at the station where she was stopped. Kehoe v. State, 521 So.2d 1094 (Fla.1988)(A reasonable founded suspicion of criminal activity is more than a bare suspicion that criminal activity is afoot). See also Cresswell v. State, 564 So.2d 480 (Fla.1990).
REVERSED AND REMANDED.
DAUKSCH and HARRIS, JJ., concur.